UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES

VERSUS                                      CRIMINAL ACTION NO. 1:99cr66-DCB

TUAN ANH PHAM                                                       PETITIONER

**ORDER**

This matter comes before the Court on petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) [docket entry no. 92] and Motion for Leave to File Supplemental Pleadings in Support of the Motion for Reduction of Sentence [docket entry no. 97]. The defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, information provided by the United States Probation Office, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On March 5, 2001, pursuant to a plea agreement with the government, the petitioner plead guilty to Count 1 of the indictment charging petitioner with conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On that same date, the petitioner also pled guilty to Count 9 of the indictment charging petitioner with the use or carrying of a firearm during a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1).

As to Count 1 for the violation of 21 U.S.C. § 846, U.S.S.G. § 2D1.1 applies and establishes a base offense level of 32 because the quantity of drugs involved in the case, when converted to its marijuana equivalent, is more than 1,000 but less than 3,000 kilograms.[1] The offense level was reduced to 29 pursuant to U.S.S.G § 3E1.1(a) and (b) as a result of the petitioner's acceptance of responsibility. Based on the total offense level of 29 and a criminal history category of I, the guideline range of imprisonment was 87 to 108 months.

As to Count 9, U.S.S.G. § 2K2.4 imposes a minimum statutory penalty of five years imprisonment pursuant to 18 U.S.C. § 924(c)(1). This sentence must be served consecutive to any other term of incarceration.

The Court ordered the petitioner to serve 92 months as to Count 1 and 60 months as to Count 2, consecutively, for a total sentence of 152 months imprisonment. The Court also ordered the petitioner to be placed on supervised release for a term of five years as to Count 1, and three years as to Count 9, to run concurrent.

The petitioner now moves for a reduction of his sentence

---

[1] According to the Presentence Investigation Report, the guideline calculation was based on "5.6 kilograms of cocaine hydrochloride, 45.7 grams of crack cocaine, and 29 ecstasy pills, all of which, when converted to its marijuana equivalent , equates to 2,783 kilograms of marijuana."

pursuant to Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses. Amendment 706 went into effect on November 1, 2007. On December 11, 2007, the United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, which became effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. § 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

The Court finds that the petitioner is not eligible for a sentence reduction. Based on the amended guidelines, the amount of drugs attributable to this petitioner, and his acceptance of responsibility, the total offense level was 29. Pursuant to Application Note 10(D) at U.S.S.G. § 2D1.1, if the offense involved cocaine base and one or more other controlled substance(s), the combined offense level is determined as provided by converting all of the drugs to their marijuana equivalents, adding them together to find the offense level, and then reducing that offense level by two levels. However, an exception is provided at Note 10(D)(ii)(II) which states that the two level reduction shall not apply in a case in which the two level reduction results in a combined offense level that is less than the combined offense level that would apply if the offense involved only the controlled

substances other than cocaine base.  In the instant case, the Presentence Investigation Report specifically stated the use of 5.6 kilograms of cocaine hydrochloride in the calculation of the base offense level.  That quantity of cocaine hydrochloride, independent of any of the other drugs involved in this case, supports a base offense level of 32.  Therefore, the exception applies and the defendant's guideline calculation is not affected by the crack cocaine amendments.  Since the Court finds that the petitioner is not eligible for a sentence reduction, his Motion for Leave to File Supplemental Pleadings in Support of the Motion for Reduction of Sentence is moot.  Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence [docket entry no. 92] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Leave to File Supplemental Pleadings in Support of the Motion for Reduction of Sentence [docket entry no. 97] is **MOOT**.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 5th day of November 2009.

                                           s/ David Bramlette

                                           **UNITED STATES DISTRICT JUDGE**